UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA/SEATTLE

MAX O.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. 3:23-cv-5757-TLF

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application for Disability Insurance Benefits (DIB). Pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. Dkt. 2. Plaintiff challenges Commissioner's decision finding him not disabled. Dkt. 4, Complaint.

A. Background

Plaintiff filed for SSI on September 29, 2015. AR 358–63. His amended alleged onset date is September 22, 2016. AR 77, 1610. ALJ Marilyn Mauer held a hearing on plaintiff's claim in October 2017 (AR 73–101) and issued a decision finding plaintiff not disabled in February 2018 (AR 171–96) which was subsequently vacated by the Appeals Council (AR 197–201).

ALJ Mauer held another hearing in February 2020 (AR 102–16) and issued an unfavorable decision in March 2020 (AR 10–43). After plaintiff appealed to this Court,

United States Magistrate Judge Brian Tsuchida reversed ALJ Mauer's decision in July 2021. AR 1747–55. On remand, ALJ Allen Erickson (the ALJ) held a hearing on February 23, 2023. AR 1643–1702. He issued a decision, dated April 26, 2023, finding plaintiff not disabled. AR 1606–42.

The ALJ found plaintiff had the following severe impairments: cervical spine degenerative disc disease and degenerative joint disease, psychogenic seizures, PTSD, and bipolar disorder. AR 1612. The ALJ found plaintiff had the Residual Functional Capacity (RFC)

> to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c), except that he is able occasionally to climb ladders, ropes, or scaffolds, with occasional exposure to hazards, including occasional commercial driving. He is able to understand, remember, and apply short, simple instructions; performing routine, predictable tasks; not in fast-paced, production-type environment; to make simple decisions; to tolerate exposure to occasional, routine workplace changes; with occasional interaction with the general public.

AR 1617. Based on hypotheticals posed to the vocational expert (VE) at the hearing, the ALJ found plaintiff could not perform his past work but could work, instead, as a cleaner II; cleaner, lab equipment; or waxer, floor. AR 1631.

B. Discussion

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted). The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995,

1009 (9th Cir. 2014). If the evidence would reasonably support affirming the ALJ's decision, or reversing it, the Court may not substitute its own judgment for the ALJ's. *Ferguson v. O'Malley,* 95 F.4th 1194, 1199 (9th Cir. 2024).

The Court also must weigh both the evidence that supports and evidence that does not support the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* Rather, only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.*

**1. Medical Opinion Evidence**

a. Keiran Shute, MD

Plaintiff challenges the ALJ's assessment of the medical opinion of treating provider Dr. Shute. Dkt. 14 at 3–9. Dr. Shute completed a medical opinion in July 2017 in which he opined plaintiff could perform only light work. AR 1034–36. The ALJ gave Dr. Shute's opinion little weight, and instead gave weight to the contrary opinion of examining physician Dr. Leinenbach. AR 1625–26.

Under the regulations applicable to this case, to reject the opinion of a treating or examining physician where the opinion is at odds with opinion evidence from other medical professionals (as is the case with Dr. Shute's opinion), the ALJ must provide "specific and legitimate reasons that are supported by substantial evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (citation omitted).

The ALJ found Dr. Shute's opinion was inconsistent with objective medical evidence throughout the record which indicated plaintiff had normal strength and range

of motion.[1] AR 1626. This is a valid basis on which to reject a controverted treating physician's opinion. *See Smartt v. Kijakazi*, 53 F.4th 489, 495–96 (9th Cir. 2022).

The ALJ's finding was supported by substantial evidence. Dr. Shute based the opined limitations on decreased range of motion in the neck and pain in his back (*see* AR 1034), but as the ALJ pointed out, clinical findings throughout the record found plaintiff had normal range of motion and strength, as well as other normal findings, in both areas (*see, e.g.*, AR 605, 660, 790, 801, 805, 1095, 1560, 2224, 2268, 2287–88), as did many of Dr. Shute's own treatment notes rendered after his July 2017 opinion (*see* AR 1252, 1257, 1263, 1275, 1283, 1286–87, 1299, 1302, 1305, 1308, 1319, 1382, 1508, 1515).

Plaintiff counters with several treatment notes from June and July 2017 which purportedly show otherwise (*see* Dkt. 14 at 9) but the ALJ's finding remains supported by substantial evidence notwithstanding such notes, as the longitudinal evidence from before and after this period, for the most part, displays normal back and neck findings which the ALJ reasonably found inconsistent with Dr. Shute's opinion. *See also* AR 1612–13 (pointing out, in finding plaintiff's back impairment non-severe, that most complaints stemmed from a few isolated incidents). If the evidence would reasonably support affirming the ALJ's decision, or reversing it, the Court may not substitute its own judgment for the ALJ's. *Ferguson v. O'Malley,* 95 F.4th 1194, 1199 (9th Cir. 2024).

[1] Plaintiff points out that "this Court rejected some of the reasons the ALJ used in" its earlier decision. Dkt. 22 at 1; *see also* AR 1752–53. However, the reason discussed here—inconsistency with medical evidence showing normal range of motion and strength—was not one of the reasons relied upon in ALJ Mauer's 2020 decision. *Compare* AR 1626 *with* AR 29. And, the evidence cited by ALJ Mauer in her 2020 decision was found to be problematic because it involved normal shoulder findings, and, as this Court said, "there is nothing indicating [such] findings defeat the findings regarding neck and lumbar pain." AR 1752. The rationale discussed above pertains to medical findings related exclusively to plaintiff's neck and back, and not his shoulder.

Because the ALJ's finding was supported by substantial evidence and was a valid basis on which to reject Dr. Shute's opinion, the Court need not consider the remaining reasons proffered for rejecting the opinion, as any error with respect to those reasons would be harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012).

b. Peter Weiss, PhD, and Terilee Wingate, PhD

Plaintiff challenges the ALJ's assessment of the medical opinion of Dr. Weiss. Dkt. 14 at 10–16. Previously, this Court affirmed ALJ Mauer's finding that Dr. Weiss's opinion was inconsistent with normal mental status examinations, and found this was a sufficient basis on which to find the opinion unpersuasive. *See* AR 1754–55.

Plaintiff argued to this Court that the ALJ erred by cherry-picking normal mental examination findings, but "relie[d] on scant evidence from February–May 2019 documenting a flare of symptoms related to a new seizure-related diagnosis." AR 1754 (citing AR 1477–79). This Court reasoned that "this short-lived exacerbation does not demonstrate the ALJ erred in finding that the treatment record generally indicated normal functioning, a finding supported by substantial evidence in the longitudinal record."

After the most recent hearing, the ALJ's relied in the April 2023 decision, in part, on the same rationale—inconsistency with the longitudinal record of normal mental status examinations—in rejecting Dr. Weiss's opinion. *Compare* AR 32 *with* AR 1628. Plaintiff challenges this finding again, relying upon the same evidence in both appeals, documenting a symptomatic flare related to a seizure-related diagnosis to show that the evidence cited by the ALJ "did not show sustained improvements." *See* Dkt. 14 at 14–

15 (citing AR 1477–79). "[T]he law of the case doctrine . . . appl[ies] in the social security context." *Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016). It "generally prohibits a court from considering an issue that has already been decided by that same court or a higher court in the same case." *Id.* (citing *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012)). Because Plaintiff's challenge to the ALJ's rationale for rejecting Dr. Weiss's opinion has already been rejected by this Court, the law of the case doctrine precludes Plaintiff from relitigating the same issue.

Plaintiff also challenges the ALJ's assessment of the medical opinion of examining source Dr. Wingate. Dkt. 14 at 17–20. In July 2017, Dr. Wingate opined marked limitations in Plaintiff's abilities to maintain appropriate behavior in a work setting and complete a normal workday and workweek without interruptions from psychologically based symptoms. AR 1046.

The ALJ found the limitations opined by Dr. Wingate were inconsistent with the longitudinal evidence of record, citing many of the same treatment notes he found inconsistent with Dr. Weiss's opinion. AR 1627. Plaintiff argues this was erroneous for "the same reasons" he argued the ALJ's reliance on the same mental status treatment notes were erroneous in the context of Dr. Weiss's opinion—namely, that they were contradicted by progress notes from the February through May 2019 period. Dkt. 14 at 20 (citing AR 1477–79). The Court rejects this argument for the same reason it previously rejected the same argument in the context of Dr. Weiss's opinion—those progress notes reflected a "short-lived exacerbation" of plaintiff's condition, and the ALJ's finding that "the treatment record generally indicated normal functioning" is supported by substantial evidence. AR 1754.

Therefore, the Court finds no error in the ALJ's assessment of the medical opinions of Drs. Weiss and Wingate.

**2. Subjective Symptom Testimony**

Plaintiff challenges the ALJ's assessment of his statements about symptoms and limitations. Plaintiff testified that he had several mental limitations,[2] some of which resulted from his seizure medication—he had brain fog, anxiety triggered by being around others, difficulty with memory, and had low motivation and energy. AR 86–89, 107–08, 1665–70.

Where a claimant presents evidence of an underlying impairment or impairments which could be expected to produce the alleged symptoms, "the ALJ can reject [plaintiff's] testimony about the severity of his symptoms only by offering specific, clear, and convincing reasons," unless there is evidence of malingering. *Garrison*, 759 F.3d at 1014–15 (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)).

The ALJ found that plaintiff's allegations were inconsistent with objective medical evidence. AR 1625. He found that plaintiff "had some periods of mood challenges" but "these episodes were not long lasting" and "would not result in greater limitations on his longitudinal functioning than is set forth in the [RFC]." AR 1625. He also noted that

[2] Plaintiff also testified to several physical limitations. Plaintiff only raises arguments challenging: (1) the ALJ's assessment of his activities of daily living and (2) the ALJ's finding that his alleged mental limitations were inconsistent with objective evidence. *See* Dkt. 14 at 21–23. Yet the ALJ also found to additional reasons: (3) Plaintiff's alleged physical limitations were inconsistent with Plaintiff's lack of treatment, and (4) Plaintiff's alleged physical limitations were inconsistent objective medical evidence in the record. *See* AR 1624–25. Plaintiff is not allowed to raise a challenge to these reasons, because in the opening brief, Plaintiff made no allegation of error with respect to the third and fourth reasons. Dkt. 14 at 21–23. *See Indep. Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003). These reasons are sufficient to uphold the ALJ's decision. *See Molina*, 674 F.3d at 1115; *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) ("[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment.").

providers consistently found plaintiff to have intact memory, attention, and concentration. AR 1625 (citing AR 1402, 1404, 1406, 1408, 1409, 1431, 2021, 2028, 2049, 2056, 2319, 2324, 2329, 2335, 2340, 2345). This is a sufficient basis on which to reject plaintiff's testimony. *See Smartt*, 53 F.4th at 498 ("When objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony.") (emphasis in original).

Plaintiff contends the ALJ ignored "progress notes" and ignored "cycles of improvement and decline" that plaintiff underwent, but only cites to the same evidence cited to with respect to Drs. Wingate and Weiss's opinions—evidence from plaintiff's mental health exacerbation in February through May 2019 caused by a rise in seizures. Dkt. 14 at 22–23. But as discussed, this evidence demonstrates plaintiff had a temporary period of exacerbated mental health limitations, yet it does not contradict the ALJ's finding that the longitudinal evidence showed plaintiff's mental impairments were not significantly limiting in the manner he alleged. Because the ALJ did not err in finding plaintiff's allegations inconsistent with the medical evidence, the Court need not consider the remaining reasons he gave in discounting plaintiff's subjective symptom testimony. *See Molina*, 674 F.3d at 1115.

In sum, the ALJ gave specific, clear, and convincing reasons for discounting plaintiff's subjective symptom testimony.

C. Conclusion

Based on the foregoing discussion, the Court concludes the ALJ properly determined plaintiff to be not disabled. Therefore, the ALJ's decision is affirmed.

Dated this 2nd day of July, 2024

Theresa L. Fricke
United States Magistrate Judge